Twana ADAMS, et al., Plaintiffs,

v.

**NEW YORK STATE DEPARTMENT OF EDUCATION et al., Defendants.**

No. 08 Civ. 5996(VM).

United States District Court, S.D. New York.

April 10, 2012.

Order Denying Stay June 12, 2012.

Joy Hochstadt, Joy Hochstadt P.C., New York, NY, for Plaintiffs.

Antoinette W. Blanchette, Blanche Jayne Greenfield, New York City Law Department, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Order dated December 8, 2010, 2010 WL 4970011, Magistrate Judge Andrew Peck, to whom this matter had been referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, finding that attorneys Joy Hochstadt ("Hochstadt") and Nicholas Penkovsky ("Penkovsky"), counsel for two sets of plaintiffs in this action, violated Rule 11 of the Federal Rules of Civil Procedure. In essence, Magistrate Judge Peck determined that in filing plaintiffs' Fourth Amended Complaint, which he recommended be dismissed, Hochstadt and Penkovsky not only failed to correct legal deficiencies in plaintiffs' earlier amended complaints, but reasserted, without sufficient new factual allegations, numerous claims that the Court had preciously dismissed, and asserted certain other claims without any substantive legal basis. In proceeding with such practices, Hochstadt and Penkovsky ignored express guidance provided by Magistrate Judge Peck and this Court. The Report recommended that the Court impose sanctions of $21,000 against Hochstadt and $7,000 against Penkovsky.

Hochstadt and Penkovsky filed timely objections to the Report. For the reasons stated below, the Court adopts the recommendations of the Report in part.

## I. STANDARD OF REVIEW

■ A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed.R.Civ.P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Greene v. WCI Holdings Corp., 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a 'specific written objection ... after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F.Supp. 454, 463 (S.D.N.Y. 1997) (citing United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)); Fed.R.Civ.P. 72(b). The Court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149, 106 S.Ct. 466. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge as to such matters. See Fed.R.Civ.P. 72(b); De-Luca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

## II. DISCUSSION

■ Upon a full de novo review of the full factual record in this litigation, including the pleadings, and the parties' respective papers filed in connection with various motions described in the Report, and their submissions in this proceeding, as well as

the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Report are warranted. In its Decision and Order dated November 18, 2010 dismissing the Fourth Amended Complaint, this Court took note of precisely the excessive practices that gave rise to Magistrate Judge Peck's sanctions recommendation. *See Adams v. New York State Department of Education*, 752 F.Supp.2d 420 (S.D.N.Y.2010). Specifically, the Court noted that:

Plaintiffs sought an opportunity to retain counsel to assist them in preparing a revised complaint, and, aided by counsel, Plaintiffs filed a Third Amended Complaint, which Magistrate Judge Peck reviewed and still found deficient in substantial respects. By Order dated May 13, 2010, Magistrate Judge Peck not only granted Plaintiffs leave to file a Fourth Amended Complaint, he also offered detailed guidance regarding the relevant pleading standards as well as analysis of substantive law, and specified how the pleadings could be restated to address the deficiencies he had identified. In that same Order, Magistrate Judge Peck put Plaintiffs on notice of the prospect of sanctions pursuant to Federal Rule of Civil Procedure 11 in the event their amended pleadings, without stating new facts or law, merely retreaded claims previously dismissed, thus doing nothing more than reargue matters that had already been resolved against them. Largely ignoring the law

primer Magistrate Judge Peck had provided, and despite the Magistrate Judge's strong warnings of the potential for sanctions, Plaintiffs, in their Fourth Amended Complaint, substantially failed to heed the Magistrate Judge's guidance.[1]

Had Plaintiffs paid closer attention to the critiques of their earlier pleadings laid out by Magistrate Judge Peck and this Court in previous rulings, they could have avoided at least some of the more grievous flaws embodied in the Fourth Amended Complaint. It is not necessary for the Court to belabor those defects here because they are already sufficiently detailed in the lengthy Report, the factual content and legal analysis of which the Court has adopted as its own, and because those shortcomings were borne out in the Court's own de novo review of the Fourth Amended Complaint, motion papers and other relevant documents on the record.

*Id.* at 425 (footnote in original).

The Court is persuaded that the conduct of Hochstadt and Penkovsky, documented by Magistrate Judge Peck in his Report and observed by this Court in the proceedings before it in this litigation, justify imposition of sanctions. The Court, however, modifies the Report's recommendations to lower the amounts to $10,000 against Hochstadt and $5,000 against Penkovsky. The Court is mindful, based on other correspondence and material in the record of this action, that both Hochstadt and Pen-

---

1. The Court acknowledges that Plaintiffs did make attempts in the Fourth Amended Complaint to streamline their pleadings, and to add factual allegations necessary to flesh out some claims. But while the current version is a far cry from the pro se complaint the Court had dismissed, Plaintiffs' efforts still fall short. This may suggest that plaintiffs failed to take the steps required to sufficiently cure deficient pleadings, or it may simply reflect the reality that no amount of restatement of certain remaining claims could prove fruitful. It is also conceivable that Plaintiffs left some of the claims in the Fourth Amended Complaint substantially unchanged so as to preserve them on appeal. However, although Plaintiffs were instructed to identify any portions of their amended pleadings that retained any claims unaltered for this purpose, they failed to so indicate.

kovsky are solo practitioners with relatively modest law practices, and that payment of penalties in higher amounts may therefore constitute undue hardships for them. Accordingly, substantially for the reasons set forth in the Report, the Court adopts the Report's factual and legal analyses and determinations, as well as its sanctions recommendations, in part, as the Court's own ruling.

### III. ORDER

For the reasons discussed above, it is hereby

ORDERED that the Report and Recommendation of Magistrate Judge Andrew Peck dated December 8, 2010 (Docket No. 284) is adopted in part and the objections of Attorneys Nicholas Penkovsky ("Penkovsky") (Docket No. 289) and Joy Hochstadt ("Hochstadt") (Docket No. 303) are DENIED; and it is finally hereby

ORDERED that within thirty days of the entry of this Order Hochstadt is directed to pay to the Clerk of Court an amount of $10,000, and Penkovsky an amount of $5,000, as sanctions pursuant to Federal Rule of Civil Procedure 11; and it is further

ORDERED that promptly upon compliance with this Order Hochstadt and Penkovsky shall file with this Court their proof of payment.

**SO ORDERED.**

### DECISION AND ORDER

### I. BACKGROUND

By Order dated May 24, 2012 (the "May 24 Order"), Magistrate Judge Andrew Peck, to whom this matter had been referred for supervision of pretrial proceedings and enforcement of the Court's sanctions Order dated April 10, 2012, (the "April 10 Order"), issued an Order denying an application by Attorney Nicholas Penkovsky ("Penkovsky") requesting a stay of payment of the sanction imposed by the Court's April 10 Order, and an extension of time to file a Notice of Appeal of the April 10 Order. Penkovsky filed objections to the May 24 Order. For the reasons stated below, the Court adopts the recommendation of the May 24 Order.

### II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

### III. DISCUSSION

Having conducted a review of the full factual record in this litigation, including the April 10 Order and the May 24 Order, as well as Penkovsky's papers submitted in connection with the underlying matter in this proceeding, as well as applicable legal authorities, the Court concludes that the findings and reasoning for the recommendation of the May 24 Order are not clearly erroneous or contrary to law and are thus warranted.

The Court's April 10 Order imposing sanctions on Penkovsky directed payment within thirty days of the date of that Order. Penkovsky did not comply. Nor did

he seek an extension of the payment due date from this Court or file a timely Notice of Appeal. Instead, in response to Magistrate Judge Peck's Order to Show Cause dated May 15, 2012, by motion entered on May 18, 2012 Penkovsky finally requested an extension to file a Notice of Appeal. As ground for his application, Penkovsky asserted excusable neglect. The Court is not persuaded that Penkovsky's explanation is sufficient to justify the relief he seeks. In paragraph 10 of his May 18, 2012 Affidavit in support of his motion he describes certain personal domestic issues that he states arose after the April 10 Order, occupied him full time, and precluded his giving any attention to this action. By his own recitation, however, the special circumstances he sets forth began on May 2, 2012—a full three weeks after the entry of the April 10 Order. Certainly, more than enough time had elapsed prior to May 2, 2012 for Penkovsky to have either sought an extension from this Court or filed a perfunctory, one-paragraph Notice of Appeal. On this basis alone, this Court would find Penkovsky's application as meriting denial in every respect, even absent the recommendation of Magistrate Judge Peck. Accordingly. the Court adopts the May 24 Order and denies Penkovsky's application for a stay of payment and extension of time to file a Notice of Appeal.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Court adopts as its own action the Order of Magistrate Judge Andrew Peck dated May 24, 2012 (Docket No. 321) and denies the objections of Attorney Nicholas Penkovsky.

**SO ORDERED.**